Judith Gail Dein, United States Magistrate Judge
I. Introduction
Plaintiff Corporación de Servicios Integrales de Salud del Area de Barranquitas, Comerío, Corozal, Naranjito y Orocovis ("CSI") brings the instant suit for declaratory relief related to the constitutionality and validity of Commonwealth Law 66-2014.
*258 The Commonwealth has moved to dismiss CSI's complaint for, inter alia, lack of standing. As explained herein, the parties' arguments related to the motion to dismiss rely on rulings of this Court in related proceedings which are either on review before the District Court Judge assigned to this matter or the First Circuit Court of Appeals. As any decision by either court would significantly impact this Court's ruling on the Motion to Dismiss, the Court hereby stays the pending Motion to Dismiss until after disposition of the standing issue by either court. Either party may move for this Court to lift the stay following a ruling from either court.
II. Background
Plaintiff CSI is a Federally-Qualified Health Center ("FQHC") incorporated in and operating in the Commonwealth of Puerto Rico (the "Commonwealth"). Complaint, Dkt. No. 1 ("Compl.") ¶ 1. CSI provides care to medically underserved populations. Id. CSI is partially funded through Medicaid. Id. Under federal law, the Commonwealth is partially responsible for paying FQHCs' Medicaid related expenses. Id. ¶ 2. States (including Puerto Rico) must make these payments "in no case less frequently than every 4 months."[2] Id. (quoting 42 U.S.C. § 1396a(bb)(5) ). If the Commonwealth fails to make the requisite Medicaid payments, FQHCs have the right to enforce those payments by suing the Commonwealth under 42 U.S.C. § 1983. Id. ¶ 3 (and cases cited). As relevant here, CSI alleges that "[t]he Commonwealth since 1989 has largely ignored FQHC payment requirements." Id. As a result, FQHCs have initiated two sets of lawsuits. First, they have sued the Commonwealth for retroactive payments in the Commonwealth courts (the "State Litigation"). Id. ¶ 4. Second, they have sued for prospective payments in federal court (the "Federal Litigation"). Id. CSI has now separately filed this adversary proceeding under the Commonwealth's restructuring case pursuant to Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA").
The Instant Adversary Proceeding
Through the complaint, CSI challenges the constitutionality and enforceability of Law 66-2014, which was enacted in the Commonwealth on June 17, 2014 in response to the island's fiscal crisis. See 3 L.P.R.A. § 9101 ("This structured plan is necessary to protect the cash availability of the Commonwealth of Puerto Rico without affecting essential services provided to the people."). Specifically, CSI takes issue with Sections 28 and 29 of Law 66-2014, which enforce payment plans for judgments against the Commonwealth and, if valid, could impact CSI's recovery in the State Litigation.
Section 28 establishes the scope of Law 66-2014, providing that "[i]n view of the negative impact on the fiscal and operational stability of the [Commonwealth] and the municipal governments that the payment of a lump sum would entail, the provisions of this subchapter shall apply to all final and binding judgments ... whereby the agencies, instrumentalities, public corporations, municipalities, or the [Commonwealth] are compelled to make a disbursement of funds chargeable to the General Fund ...." 3 L.P.R.A. § 9141. Section 28 continues to provide that for applicable judgments, "[t]he Secretary of Justice shall evaluate the applicable payment plan in accordance with the amount of the judgment, upon which he/she shall request a certification of the availability of funds .... If the judgment owed by the *259 Commonwealth, a public corporation or municipality exceeds twenty million dollars ($20,000,000), the payment plan applicable thereto shall be fixed during the drawing up of the budget following the date on which the payment obligation becomes final and binding, taking into consideration the fiscal situation, and said payment plan shall never exceed an annual sum of three million dollars ($3,000,000)." Id. Compl. ¶¶ 5-6. "If there were no funds available to honor the payment plan during a specific fiscal year, it shall be postponed for the following fiscal year, thus said payment plan shall be automatically extended for the number of unpaid installments." Id.
Section 29 of Law 66-2014 establishes that "[n]o agency or instrumentality of the Commonwealth ... shall be compelled to make any payment whatsoever with respect to a previously authorized judgment or payment plan, when there are no funds available therefor when the legislative appropriation for such purposes has been exhausted." 3 L.P.R.A. § 9142. Section 29 continues in providing that "[t]he remedy available when there are no funds available for the payment of judgments shall be the payment of interest on the amount owed pursuant to the provisions of the Rules of Civil Procedure and the applicable special laws." Id.; see also Compl. ¶ 7.
As CSI acknowledges, the correct interpretation of Law 66-2014, as applied to judgments arising out of the State Litigation, is not at issue in this adversary proceeding. Compl. ¶ 8. Rather, CSI seeks a ruling from this Court invalidating Law 66-2014 altogether. CSI asserts eight (8) causes of action, each seeking declaratory relief. CSI requests a declaratory judgment that Sections 28 and 29 of Law 66-2014 (i) violate plaintiff's substantive due process rights, (ii) violate plaintiff's procedural due process rights, (iii) violate the constitutional prohibition against the impairment of contractual obligations; (iv) are preempted by 11 U.S.C. § 903, (v) are preempted by PROMESA § 303, (vi) are preempted by Medicaid law, (vii) constitute a taking of plaintiff's property without just compensation in violation of the 5th Amendment to the United States Constitution, and (viii) that nothing in PROMESA allows the non-payment of federal obligations by the Commonwealth and actually requires payment of contractual obligations with the plaintiff and the judgments therein pertaining to Medicaid payments.
Related Adversary Proceedings
Two other adversary proceedings under the Commonwealth's PROMESA Title III case are directly related to the instant motion and warrant discussion here. First, CSI was a plaintiff in Adversary Proceeding 17-227, through which several health centers removed the State Litigation to this Court. CSI acknowledges that Adversary Proceeding 17-227 is the proper venue for addressing the correct application of Law 66-2014, if the law itself is constitutional and valid. Id. In Adversary Proceeding 17-227, the Commonwealth moved this Court to abstain from hearing the State Litigation within the PROMESA Title III proceedings. Dkt. No. 29 in 17-227. On April 2, 2018, this Court issued a Report and Recommendation recommending to District Court Judge Laura Taylor Swain that the Commonwealth's motion be granted, that the Court abstain from hearing the State Litigation in the context of the Commonwealth's PROMESA Title III case, that the State Litigation be remanded to the Puerto Rico Court of First Instance, San Juan Part, and that the PROMESA automatic stay be modified to allow the State Litigation, including related pending appeals, to proceed to judgment but be maintained with respect to *260 the execution or enforcement of any such judgments. Dkt. No. 55 in 17-227. On July 10, 2018, Judge Swain adopted the Report and Recommendation. Memorandum Order, Dkt. No. 64 in 17-227. Plaintiffs in that adversary proceeding have appealed Judge Swain's ruling to the First Circuit Court of Appeals. Dkt. No. 66 in 17-227.
Second, on December 17, 2017, CSI filed its complaint in Adversary Proceeding 17-292. CSI's case was consolidated with Adversary Proceeding 17-278. Order, Dkt. No. 25 in 17-278. Through that consolidated proceeding, multiple health centers sought a declaration from the Court that the claims in the State Litigation are non-dischargeable in the Title III process and that those claims are otherwise unimpaired by PROMESA in any manner, including by delay in payment or dilution in amount. The Commonwealth moved to dismiss the consolidated adversary proceeding. Dkt. No. 26 in 17-278. In a Report and Recommendation dated August 7, 2018, this Court recommended to Judge Laura Taylor Swain that the Commonwealth's motion to dismiss be granted and that the health centers' claims be dismissed without prejudice. Dkt. No. 57 in 17-278. This Court held that the plaintiffs' claims regarding dischargeability and unimpairment were unripe. The plaintiffs to that proceeding, including CSI, have objected to the Report and Recommendation. Dkt. Nos. 58, 61 in 17-278.
The Motion to Dismiss
This matter is before the Court on the Commonwealth's[3] Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Dkt. No. 10) (the "Motion to Dismiss"). CSI filed a Response (Dkt. No. 15) and the Commonwealth replied (Dkt. No. 18). CSI filed additional relevant authority with this Court on July 3, 2018 (Dkt. No. 21). As discussed herein, the parties' arguments on the Motion to Dismiss rely heavily on the outcomes of the two other adversary proceedings on which this Court has recently ruled. Objections thereto are currently pending before either District Judge Laura Taylor Swain or the First Circuit Court of Appeals. Due to the effect those future rulings will have on this Court's ruling on the Motion to Dismiss, the Court hereby stays the Motion to Dismiss pending resolution of the objections pending before the District Court and/or the First Circuit.
III. DISCUSSION
The Commonwealth argues in the Motion to Dismiss, inter alia, that the complaint should be dismissed because CSI lacks constitutional standing to bring each of its claims. Motion to Dismiss at 8 ("The Court should dismiss Plaintiff's Complaint because Plaintiff lacks standing to bring each of its claims , and this Court therefore lacks subject matter jurisdiction over the Complaint.") (emphasis added).[4] The Commonwealth argues that CSI has not alleged a concrete injury caused by Law 66-2014 that would be remedied by the relief requested herein because the automatic stay imposed by the Commonwealth's Title III proceeding stands as an *261 independent bar to recovery on CSI's judgments. Motion to Dismiss at 2; see also id. at 9 ("Plaintiff has failed to, and cannot, establish it has suffered an injury in fact caused by the application of Law 66-2014 for one simple reason: the Commonwealth has filed a case under Title III of PROMESA, and therefore, all actions seeking to collect or enforce a judgment against the Commonwealth are automatically stayed, including the payment of Plaintiff's judgment in the [State Litigation] ... it is the Title III Stay, and not Law 66-2014 that now prevents Plaintiff from seeking immediate payment in full of its judgment.").
The Court first notes that, in contrast to the Commonwealth's asserted premise, CSI's complaint does not seek "immediate payment in full of [CSI's] judgment," but rather seeks declaratory relief, which if granted, would preclude Law 66-2014's impact on the schedule by which any earned judgments are paid to CSI. CSI's alleged harm is the potential impact of Law 66-2014 on the payment plan assigned to any judgment won in the State Litigation. Regardless, the Court takes seriously the Commonwealth's argument that the automatic stay precludes CSI's standing in this adversary proceeding.
CSI responds to the Commonwealth's standing challenge, and attempts to carry its burden of establishing jurisdiction by arguing that:
Defendant conveniently forgets that plaintiff has filed an adversary proceeding, 17-292, before this Honorable Court, averring that the debt it is owed by debtor cannot be discharged. Given the above, if the debt is not dischargeable, defendant can and will claim it is subject to the limitations of Law 66. Therefore, plaintiff has a live case or controversy over what is owed, i.e., the judgment and future judgments of the claims that are still pending and have not been resolved by the Commonwealth Courts. Moreover, as discussed more in depth as to Section 7 of PROMESA, the automatic stay of PROMESA does not apply to these claims.
Response ¶ 8 (footnote omitted).
CSI relies on its expected success in other adversary proceedings before this Court to show that PROMESA's automatic stay is not applicable and that therefore the application of Law 66-2014 presents a live controversy over which this Court has jurisdiction. Since the parties briefed this Motion to Dismiss, this Court has issued two decisions that are potentially determinative of the Commonwealth's standing argument and thus directly impact the outcome of the Motion to Dismiss.
First, the Court remanded Adversary Proceeding 17-227, through which the State Litigation is being pursued, to the Commonwealth courts in order to proceed to judgment. As per the Court's order, the PROMESA automatic stay remains in place with respect to the execution or enforcement of final judgments in the State Litigation. The Court's ruling keeping in place the automatic stay with regard to execution of judgments is critical here where the portions of Law 66-2014 that CSI challenges, Sections 28 and 29, relate to the processes for approving and implementing payment plans for judgments against the Commonwealth. Thus, they relate to the execution of judgments against the Commonwealth, and litigation over their impact on any judgments remain subject to the automatic stay pursuant to this Court's ruling. As CSI rightfully asserts, the applicability of that stay is critical to whether CSI has asserted a redressable injury in this adversary proceeding. See Response ¶ 8. This Court's Report and Recommendation, as adopted by Judge Laura Taylor Swain, has been appealed to *262 the First Circuit. The First Circuit's ruling, which will ultimately determine the extent, if at all, of the automatic stay's applicability to the State Litigation, is determinative of the Commonwealth's standing argument here.
Second, this Court has recommended to Judge Laura Taylor Swain that Adversary Proceeding 17-292, as consolidated with Adversary Proceeding 17-278, be dismissed. Through that consolidated proceeding, CSI argued that its State Litigation claims were non-dischargeable in the Commonwealth's Title III case, and that the State Litigation claims were unimpaired by PROMESA. This Court recommended that CSI's claims be dismissed because both sets of claims were unripe. CSI expressly relies on its expected success in that adversary proceeding in arguing that it has a redressable injury in this case irrespective of PROMESA and its automatic stay. See Response ¶ 8 as cited supra. The parties to that adversary proceeding have objected to this Court's Report and Recommendation. Judge Swain's ruling on their objections will have a direct impact on CSI's argument that it is exempt from the automatic stay and that it has a redressable injury before the Court. Further, this Court's holding in 17-AP-278 that CSI's unimpairment claims are unripe directly implicates CSI's final cause of action here, requesting a declaration that nothing in PROMESA allows the non-payment of, and actually requires the payment of, Medicaid related obligations to CSI. Any ruling by Judge Swain either adopting or rejecting the Report and Recommendation will impact CSI's argument that it has standing to bring this action for declaratory relief notwithstanding the automatic stay.
"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936). "Generally, courts have the discretionary power to stay an action in the interest of justice and efficiency." Total Petroleum P.R. Corp. v. T.C. Oil, Corp., 2010 WL 11545626, at *1 (D.P.R. May 7, 2010). "In staying a case, the Court must balance the equities considering the potential prejudice that it may entail to each party." Walsh Constr. Co. P.R. v. United Sur. & Indem. Co., No. 12-cv-1401-SEC, 2015 WL 13548470, at *4 (D.P.R. Sept. 28, 2015). A Court further "has the discretion to grant a stay when a similar action is pending in another court and where a higher court is close to settling an issue of law bearing on the action[.]" Estate of Heiser v. Deutsche Bank Trust Co. Ams., No. 11-cv-1608-AJN-MHD, 2012 WL 5039065, at *5 (S.D.N.Y. Oct. 17, 2012) (internal quotations and citations omitted).
Whether or not CSI has asserted a concrete and redressable injury, as the parties recognize in their briefs, is largely dependent on whether and to what extent PROMESA's automatic stay applies to CSI's claims in the State Litigation. This Court finds that staying the instant proceeding until the District Court and/or the First Circuit have an opportunity to rule in Adversary Proceedings 17-AP-227 and 17-AP-278 serves both the interests of justice and efficiency. Further, as the automatic stay currently prevents execution of any judgment, CSI is not prejudiced by a delay in this Court's ruling on the constitutionality or validity of Law 66-2014. Thus, this Court finds good cause to stay the instant proceeding and the Motion to Dismiss until the District Court and/or the First Circuit rule on related proceedings.
IV. CONCLUSION
For the reasons stated herein, this Court hereby stays this proceeding and the pending Motion to Dismiss until *263 the First Circuit rules on the pending appeal related to abstention in Adversary Proceeding 17-227 and/or the District Court rules on the objections to this Court's Report and Recommendation dismissing the complaint in Adversary Proceeding 17-278. Either party may move to lift the stay following either ruling.
SO ORDERED.

The Court is aware that it is greatly oversimplifying the process by which FQHCs are funded. The Court has included only those facts that are necessary for this ruling.

The Financial Oversight and Management Board for Puerto Rico, as the Debtors' representative under PROMESA § 315(b) authorized the Department of Justice to file the Motion to Dismiss on behalf of the Commonwealth.

CSI's assertion that since "Defendant has challenged only those claims as to the impairment of contractual obligations, the Takings claims and Section 7 of PROMESA[,] ... the motion to dismiss does not challenge all other claims[,]" Opposition, Dkt. No. 15 ¶ 7, is an incorrect reading of the Commonwealth's Motion to Dismiss.